2.4468

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACUITY, a Wisconsin mutual insurance company, | ) <br> ) |
| *Plaintiff*, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| MB REAL ESTATE SERVICES, INC., a Delaware corporation, JOSE R. TECANHUEHUE, incapacitated, and LUCIA TECANHUEHUE, individually and as spouse of JOSE R. TECANHUEHUE, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| *Defendants*. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, ACUITY, a mutual insurance company ("Acuity"), by and through its attorneys, Joseph P. Postel and Haley M. Loutfy of LINDSAY, PICKETT & POSTEL, LLC, and for its Complaint for Declaratory Judgment (pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*.) against the Defendants, MB REAL ESTATE SERVICES, INC. a corporation ("MBRE"), JOSE R. TECANHUEHUE, incapacitated ("Jose"), and LUCIA TECANHUEHUE, individually and as spouse of JOSE R. TECANHUEHUE ("Lucia"), alleges as follows.

### Introduction

Acuity seeks a declaration that it owes no duty to defend or indemnify MBRE under the additional insured coverage of the insurance policy Acuity issued to its named insured A&R Janitorial, Inc. ("A&R"), with respect to an underlying complaint filed against it by Jose and Lucia (collectively "the underlying plaintiffs"), currently pending in the Circuit Court of Cook County, Case No. 2023 L 007914. The underlying complaint alleges that Jose was seriously injured after falling on premises that was managed and maintained by

MBRE. As set out below, the Acuity policy does not provide coverage to MBRE and Acuity therefore does not owe a duty to defend MBRE, because the underlying complaint does not allege that Jose's injury or MBRE's liability was caused in whole or in part by A&R's acts or omissions or the acts or omissions of those acting on A&R's behalf, but rather alleges MBRE's sole negligence.

## The Parties

1. Acuity is a domestic mutual insurance corporation organized and incorporated under the laws of the state of Wisconsin, with its principal place of business located at 2800 South Taylor Drive, Sheboygan, Wisconsin. Acuity is a citizen of Wisconsin.

2. MBRE is a corporation organized and incorporated under the laws of the state of Delaware, with its principal place of business located at 181 West Madison Street in Chicago, Illinois. MBRE is a citizen of Delaware and Illinois.

3. Upon information and belief, the defendant, Lucia, was a citizen of the State of Illinois. Lucia is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that she may have an interest in the subject matter of this action. Acuity seeks no relief from Lucia other than to the extent, if any, she is interested in the subject matter of this action, that she be bound by the judgment sought herein. If Lucia will sign a stipulation to that effect, then Acuity would be willing to voluntarily dismiss her as a defendant.

4. Upon information and belief, the defendant, Jose, was a citizen of the State of Illinois. Jose is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that he may have an interest in the subject

matter of this action. Acuity seeks no relief from Jose other than to the extent, if any, he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If Jose will sign a stipulation to that effect, then Acuity would be willing to voluntarily dismiss him as a defendant.

## Jurisdiction and Venue

5. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties (the plaintiff is a citizen of Wisconsin, the defendants are all citizens of Illinois, MBRE is also a citizen of Delaware, and the amount in controversy exceeds $75,000, exclusive of interest and costs).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that all of the defendants are citizens of Illinois and the incident giving rise to the underlying litigation took place in this District.

## The Underlying Litigation

7. On August 8, 2023, the underlying plaintiffs filed a complaint (hereinafter "complaint") against MBRE. A true and correct copy of the complaint in the underlying litigation is attached hereto, made a part hereof, and is marked as **Exhibit A.**

8. The complaint alleges that MBRE managed and maintained premises located at 50 West Washington Street, Chicago, Illinois, commonly known as the Richard J. Daley Center ("the premises"). *Id*. ¶ at 2.

9. The complaint alleges that on August 12, 2021, Jose was seriously injured when he fell on the premises. *Id*.

10. The complaint alleges that MBRE "was in the business of maintaining and overseeing the maintenance and operation of [the premises] and received compensation for maintaining and operating [the premises]." *Id*. at ¶ 11.

11. The complaint alleges that MBRE "had a duty to provide a safe means of ingress and egress onto the establishment it maintained and controlled at [the premises]." *Id*. at ¶ 13.

12. The complaint alleges that on August 12, 2021, Jose "while using the men's bathroom and/or locker room was caused to fall striking his head causing severe and permanent injuries." *Id*. at ¶ 14.

13. The complaint alleges that MBRE was guilty of the following acts or omissions:

> (a) Improperly operated, managed, maintained or controlled the aforesaid premises, so that as a direct result thereof, the Plaintiff was injured.
>
> (b) Failed to make a reasonable inspection of the aforesaid premises when the Defendant knew, or should have known that said inspection was necessary to prevent injury to the Plaintiff, the public or patrons.
>
> (c) Failed to warn the Plaintiff and other patrons of the dangerous condition of the men's bathroom and/or locker room when the Defendant knew, or in exercising ordinary care, should have known, that said warning was necessary to prevent injury to the Plaintiff.
>
> (d) Failed in their duty to properly warn the public and especially the Plaintiff of the dangerous condition of the men's bathroom and/or locker room.
>
> (e) Was otherwise negligent in maintaining and overseeing the property at issue.

*Id*. at ¶ 15.

## The Agreement

14. MBRE and A&R entered into a service agreement ("Agreement"), effective March 1, 2020, through February 28, 2023, whereby A&R agreed to perform certain janitorial services at the premises. A true and correct copy of the Agreement is attached hereto, made a part hereof, and is marked as **Exhibit B.**

## The Acuity Policy

15. Acuity issued A&R a policy of insurance, numbered X23412, effective April 29, 2021, through September 1, 2021. A certified true and correct copy of the Acuity Policy is attached hereto as **Exhibit C**.

16. The Acuity Policy contains an additional insured endorsement for Owners, Lessees or Contractors - Scheduled Person or Organization (CG-2010F(4-13)), which provides as follows:

> 1. Section II - Who Is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for bodily injury, property damage or personal and advertising injury caused, in whole or in part, by:
>
>    a. Your acts or omissions; or
>    b. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated below. ***

17. The endorsement's Scheduled additional insureds and locations of covered operations includes:

> MB REAL ESTATE SERVICES LLC
> 1203 RICHARD J DALEY CENTER
> 50 W WASHINGTON ST
> CHICAGO IL 60602

18. The Acuity policy also contains a commercial excess liability coverage

form which agrees to pay sums, "in excess of the amount payable under the terms of any underlying insurance, that the insured becomes legally obligated to pay as damages because of injury or damage to which this insurance applies, provided that the underlying insurance also applies, or would apply but for the exhaustion of its applicable Limits of Insurance."

## Coverage Allegations

### Count I
### No Duty to Defend or Indemnify MBRE

19. Acuity restates and incorporates the allegations in paragraphs 1 through 18 above, as if fully set forth herein.

20. Acuity does not owe a duty to defend or indemnify MBRE for one or more of the following reasons, pleading hypothetically or in the alternative:

   a. The complaint does not allege that the injury or MBRE's liability was caused in whole or in part by A&R's acts or omissions or the acts or omissions of those acting on A&R's behalf.

   b. The complaint only alleges MBRE's sole negligence.

   c. To the extent there are other bases on which Acuity can properly deny coverage, Acuity reserves the right to plead them in the future.

21. On information and belief, the above contentions of Acuity are denied by MBRE, which contends that Acuity owes it a defense. Acuity, in turn, denies the contrary contentions of MBRE.

WHEREFORE, the plaintiff, ACUITY, a mutual insurance company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*, finding and declaring that it owes no duty to defend or indemnify the defendant, MB REAL ESTATE SERVICES, INC., with respect to the complaint filed against it by JOSE R. TECANHUEHUE, incapacitated, and LUCIA

TECANHUEHUE, individually and as spouse of JOSE R. TECANHUEHUE, and for such other and further relief as the court shall deem just.

Respectfully submitted,
LINDSAY, PICKETT & POSTEL, LLC

By: /s/ Joseph P. Postel
One of the Attorneys for Acuity

Joseph P. Postel
jpostel@lpplawfirm.com
ARDC No.: 6189515
Haley M. Loutfy
hloutfy@lpplawfirm.com
ARDC No.: 6330052
Lindsay, Pickett & Postel, LLC
200 W. Madison St., Suite 3850
Chicago, Illinois 60606